BEATRICE SEWER PIPE CO. v. THOMAS ERWIN.

[FILED JULY 2, 1890.]

Continuance: ABSENCE OF WITNESS: DILIGENCE. An action was brought November 10, 1887, and on the 5th of the following March a demurrer to the petition was overruled, and on the 12th of that month an answer was filed, and seven days thereafter the cause was continued. At the June term, following, a motion for a continuance was filed because of the absence of a material witness, and this was supported by an affidavit showing the materiality of the testimony and the diligence used. *Held,* That the June term was the first at which the case was ready for trial, and that a continuance should have been granted.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*R. S. Bibb,* and *Griggs & Rinaker,* for plaintiff in error, cited, as to the motion for a continuance: *Williams v. State,* 6 Neb., 334; *Johnson v. Dinsmore,* 11 Id., 394; *Hair v. State,* 14 Id., 503; *Newman v. State,* 22 Id., 355; *Parks v. Council Bluffs Ins. Co.,* 28 N. W. Rep., 424.

*Pemberton & Bush, contra,* cited on the same point: *Stevenson v. Sherwood,* 22 Ill., 238 [annotated, 74 Am. Dec., 140].

MAXWELL, J.

This action was brought in the district court of Gage county by the defendant in error against the plaintiff in error to recover $5,000 damages for an injury which it is claimed Thomas Erwin sustained to his right hand while feeding one of the plaintiff in error's presses for the manufacture of tile. The alleged negligence consists in the neglect of one Charles Huggins, the pressman, who, at the time of the accident, was in charge of the press and work-

ing with the defendant in error, in failing to instruct the latter as to the danger in clearing clay from the steam piston used to press the tile, etc.

On the trial of the cause the jury returned a verdict for $2,500, in favor of the defendant in error, upon which judgment was rendered.

Immediately preceding the trial the plaintiff in error sought to continue the case to the next term of the court, and in support of such motion filed the following affidavit: "R. S. Bibb, being first duly sworn, on oath states that he is the attorney for the defendant above named. Affiant further states that said defendant is a corporation organized under the laws of the state of Nebraska, and doing business in the city of Beatrice, Gage county, in said state, said business being the manufacturing of tiling, sewer pipes, brick, etc; that said defendant cannot safely proceed to trial in the above entitled cause at the present term of court on account of the absence of one Charles Huggins, a material and important witness on the part of the said defendant, and that said witness is now a resident of the state of California, the exact place in California where said witness is residing being unknown to affiant, although he has made diligent inquiries in the endeavor to find out the postoffice address of said Charles Huggins, as have also the officers of said defendant; that said Charles Huggins formerly resided in the city of Beatrice, Gage county, Nebraska, but left for California before the commencement of this action. That the said defendant expects to prove by the said Charles Huggins (who is the pressman referred to in plaintiff's petition) that on or about the 5th day of September, 1887, he, the said Charles Huggins, was in the employment of defendant, engaged in the running of the press mentioned in said petition; that when the said plaintiff commenced to work upon said press, in company with said Charles Huggins, the said plaintiff was fully and completely and properly instructed as to the proper manner of

performing the duties of his position, and avoiding the dangers of his said occupation, and that plaintiff was fully advised in the premises; that plaintiff was injured by his own gross carelessness and fault, and not through the fault, carelessness, or neglect of him, the said Charles Huggins, the defendant, or any of the other of its employes; that said plaintiff was injured by carelessly thrusting his hand into the cylinder mentioned, when and while the piston therein was rising, notwithstanding the fact that said plaintiff had been instructed and warned to keep his hands out of said cylinder when said piston was rising, and that immediately upon the happening of the injury complained of the said plaintiff stated, in the presence of the said Charles Huggins, "that it was his (plaintiff's) own fault that he had been injured." That he knows of no other person or persons by whom the above stated facts can be proven; and affiant further states that when he was employed as attorney for the defendant, he supposed that the present pressman at defendant's works was the one who was working there when plaintiff was injured, and that it was only a short time ago, and since the commencement of this term of court, or immediately prior thereto, that he discovered otherwise; that this affiant and the officers of said defendant have used due diligence, by making every inquiry possible to find the whereabouts of said Charles Huggins, and have asked all of those who would be likely to know here what his postoffice address is, but could get no further information than that he was in California.

"Affiant further says that he expects to procure the testimony of said Charles Huggins at the next term of this court; that it would be dangerous for defendant to proceed to trial in said action without the testimony of said witness, and affiant further says that this application for continuance is not made for delay, but that justice may be done."

This motion was overruled, and this ruling of the court is the first error assigned.

On the part of the defendant in error it is contended, as a justification for the ruling of the court, that there had been a continuance of the case at the former term, and that the second continuance was for delay. An examination of the record shows that the petition was filed November 10, 1887; that on March 12, 1888, an answer was filed, and that on June 29, 1888, a reply was filed, a slight amendment by interlineation having on that day been made to the answer.

The record shows that on the 5th of March, 1888, a demurrer to the petition was overruled, and that on the 19th of that month, seven days after the answer was filed, the cause was continued. The case was not at issue and ready for trial, therefore, at the March, 1888, term of the court, and the June term of that year was the first term at which, under the statute, the cause, except by consent of both parties, could have been tried.

That the testimony of Huggins is material in this case is unquestioned, and sufficient diligence was shown to authorize the continuance of the case.

It is unnecessary to consider the other errors assigned.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.